HUDSON COUNTY COURT OF COMMON PLEAS.

CARL CONRAD PEARSON, PLAINTIFF, v. THE BERWIND
WHITE COAL MINING COMPANY, DEFENDANT.

Decided March 26, 1944.

For the plaintiff, *Meehan Brothers.*

For the defendant, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

DUFFY, C. P. J. This matter is before me on defendant's motion to strike the complaint.

The complaint charges that on September 24th, 1937, the plaintiff while acting in the employ of the defendant sustained an injury to his eyes; that he received medical treatment therefor by a physician selected by the defendant; that at the time of the accident the relation between the plaintiff and defendant was controlled by the provision of the Workmen's Compensation Act of the State of New Jersey, *N. J. S. A.* 34:15–1, *et seq.,* and that he was paid nine weeks of temporary compensation in accordance with such act. The complaint further charges that the defendant fraudulently repre-

sented to the plaintiff that he did not have any permanent injury as a result of the accident and that the plaintiff, relying on these false representations, failed to file his petition with the Workmen's Compensation Bureau until the two-year statutory period had elapsed; and that therefore, as a result of the fraud practiced upon him by the defendant, he was and is unable to recover any award for permanent, partial disability of his right eye in the Compensation Bureau. He seeks in this action to recover the amount of the award of compensation which he claims he would have received had he not been deluded by the misrepresentations of the defendant company and had filed his petition in time, in the Bureau.

The motion on behalf of the defendant to strike the complaint is based upon the following grounds:

1. The court does not have jurisdiction of the claim alleged to be set forth in the complaint.

2. The plaintiff's sole remedy, if any, is under the Workmen's Compensation Act of the State of New Jersey.

3. The complaint fails to state a good and legal cause of action against the defendant.

4. The complaint is sham.

For the purpose of this motion, defendant's first three grounds can be considered together. The plaintiff contends that he can maintain a common law action in this court for the amount of compensation that he would have received in the Workmen's Compensation Bureau, if he had sought relief in that forum. He further charges that he would have sought such relief had he not been lulled into a sense of false security by the fraud practiced upon him by his employer, the defendant herein.

Plaintiff concedes that his proper remedy was in the Compensation Bureau and that he did not file his petition therein within the two-year period prescribed by the Compensation Act. He does not contend that this matter is in anywise an appeal from the Bureau, since original jurisdiction over claims of this kind rests exclusively therein. It is difficult to perceive how this court could properly arrive at any basis for an award of damages to the plaintiff were he to sustain his allegations of fraud and deceit.

This question seems to come squarely within the rule laid down by the Supreme Court in *Racanati* v. *Black Diamond Stevedoring Co., Inc.*, 130 *N. J. L.* 261; 32 *Atl. Rep.* (*2d*) 578, 580, wherein the court said:

"Any award that a jury made would of necessity be based upon conjecture and surmise as to what the commission would have found the percentage of permanent disability to be. Proof of pecuniary loss is an essential element in an action grounded in deceit and lacking such proof, the action cannot be maintained. Neither fraud without damage nor damage without fraud is sufficient to support an action for deceit. 23 *Am. Jur.* 772, § 20."

The complaint herein assailed clearly shows that the plaintiff has not established any right to compensation for the accident described. It merely alleges a contingent and speculative claim.

Thus, the plaintiff herein seeks to substitute the jurisdiction of the Common Pleas for that of the statutory tribunal created by the legislature. This court has no such power.

Because of the conclusions set forth, it is not necessary to consider the fourth ground of attack, that of sham.

The complaint fails to set out a good cause of action. The defendant's motion to strike is granted, together with costs.